UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

JOHN CODY,

      Plaintiff,

vs.

CORRECTIONS OFFICER KAREN SLUSHER, *et al.*,

      Defendants.

------------------------------------------------------

Case No. 1:17-cv-132

OPINION & ORDER
[Resolving Docs. 24, 27]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this prison abuse case, *pro se* Plaintiff John Cody seeks an extension to file a notice of appeal and asks for the appointment of counsel. Cody also responds to this Court's order to show cause.

In June 2018, Cody moved to amend his complaint.[1] The Court denied that motion, as it attempted to resurrect previously dismissed claims.[2] Cody now asks the Court for an extension of time to file a notice of appeal for that decision.[3]

However, federal appellate courts only review a district court's *final decisions*.[4] The Court's denial of Cody's motion to amend is not a final case-closing determination, so Cody may not yet appeal the decision.[5] Thus, the Court denies his extension motion.

Cody also asks the Court to appoint counsel.[6] Because this is a civil case, Cody has

---

[1] Doc. 14.
[2] Doc. 15.
[3] Doc. 24.
[4] 28 U.S.C. § 1291.
[5] *See e.g., JPMorgan Chase Bank, N.A. v. Winget*, 920 F.3d 1103, 1105 (6th Cir. 2019) ("A final decision generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." (internal quotation marks omitted)).
[6] Doc. 27.

no constitutional right to counsel.[7] While the Court "may request an attorney to represent any person unable to afford counsel,"[8] it should only do so in "exceptional circumstances."[9] The Court considers: (i) the complexity of the case, (ii) the plaintiff's ability to represent himself, and (iii) the plaintiff's chances of success.[10]

Here, while Cody may ultimately succeed, the other two factors cut against appointment. As Cody himself concedes, this is not a complex case.[11] Further, Cody seems capable of representing himself. His briefs are well-written, well-researched, and competent. In fact, Cody has already won an appeal in this case.[12] Accordingly, this is not the exceptional case that warrants appointment. The Court denies Cody's request.

The Federal Rules of Civil Procedure require the complaint to include a short and plain statement of the claims.[13] Noting that Cody's nearly 500-page complaint was neither, the Court ordered Cody to file a new complaint, not exceeding twenty pages, by March 14, 2019.[14] The Court then extended that time to April 15th.[15] When Cody missed that deadline, the Court ordered him to show cause why the case should not be dismissed.[16]

Cody claims that his incarceration has prevented him from complying.[17] Recognizing the difficulties of litigating while in prison, the Court will allow Cody thirty additional days to comply with the Court's order. It will grant no further extensions.

---

[7] *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).
[8] 28 U.S.C. § 1915(e)(1).
[9] *Lavado*, 992 F.2d at 606.
[10] *Id.*
[11] Doc. 27 at 5.
[12] *Cody v. Slusher*, No. 17-3764, 2018 WL 3587003 (6th Cir. Mar. 8, 2018).
[13] Fed. R. Civ. P. 8(a)(2).
[14] Doc. 19.
[15] Doc. 23.
[16] Doc. 25.
[17] Cody alleges, *inter alia*, that prison officials have confiscated his case notes, that he has been unable to access the prison law library due to lockdowns, and that gang activity in his area has made drafting impossible. Doc. 26.

Case No. 1:17-cv-132
Gwin, J.

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for an extension, **DENIES** Plaintiff's motion for appointment of counsel, and **ORDERS** Plaintiff to file a new complaint not exceeding twenty pages within thirty days.

IT IS SO ORDERED.


Dated: May 15, 2019                    *s/      James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE