UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

JOHN CODY,

       Plaintiff,

vs.

CORRECTIONS OFFICER KAREN
SLUSHER, *et al.*,

       Defendants.

------------------------------------------------------

Case No. 1:17-cv-132

ORDER

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff John Cody filed a 168-page complaint (with 311 pages of exhibits) alleging prison abuse.[1] Because the complaint's heft made it impenetrable, the Court ordered Cody to file a streamlined complaint by March 14, 2019.[2] When Cody failed to do so, the Court extended the deadline to April 15th.[3] After Cody missed that deadline too, the Court gave him until June 15th, cautioning that it would be his last chance.[4]

Yet, after 116 days, the nearly 500-page behemoth persists. Plaintiff Cody has repeatedly failed to file a "short and plain" statement as both Rule 8 and the Court's orders required.[5] Accordingly, the Court **DISMISSES** Plaintiff's case, without prejudice, for failure

---

[1] Doc. 1.
[2] Doc. 19 ("Cody's complaint does nothing but make his claims impossible to understand.").
[3] Doc. 23.
[4] Doc. 28.
[5] Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); *Muhammad v. Love's Travel Stops*, No. 3:18-cv-341, 2019 WL 2210770, *2 (S.D. Ohio May 22, 2019) (noting that an unduly long complaint ran afoul of Rule 8).

Case No. 1:17-cv-132
Gwin, J.

to prosecute.[6]

    IT IS SO ORDERED.

Dated: June 24, 2019                         *s/     James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[6] *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (Noting the inherent authority of federal trial courts to dismiss actions for failure to prosecute); *Rogers v. City of Warren*, 302 F. App'x 371, 375 (6th Cir. 2008) (Rule 41(b) "permits the court to involuntarily dismiss an action if a plaintiff fails . . . to comply with a court order").